Vincent D. Damiani, J.
The petitioning owner brings this article 78 proceeding to review and annul respondent’s determination which denied his protest and affirmed the order of the District Rent Director denying decontrol of the four apartments in petitioner’s premises because of the latter’s failure to comply with all the requirements of .section 11 of the Rent, Eviction and Rehabilitation Regulations, as amended, effective June 30, 1961.
Movant contends that at the time he purchased the subject property in October, 1961 “ the building consisted of a store and two 5-room apartments above said store that the building was completely run down with outdated plumbing, poor electric wiring, old, defective, hazardous appliances and fixtures, the walls and ceilings needing substantial repairs and the premises generally could be classified as providing substandard, unfit living conditions. The owner further asserts that at an expenditure of over $13,000 he converted the two apartments into four self-contained units. Such new units consist of three rooms in each front apartment and two rooms in each rear apartment.
Examination of the record and all the submitted papers shows that respondent’s denial was based on the factual finding that the newly created housing units failed to meet, not alone the minimum square footage of 410 square feet required by the State, but the actual space was less than the reduced minimal City Rent Administrator’s requirement of 395 square feet. This deficiency is not controverted by petitioner. However, his challenge is to respondent’s refusal to waive the special requirement, claiming that unique or peculiar circumstances warranted the granting of a waiver, since it was a “ physical impossibility ” to get 410 square feet, into what is otherwise a highly desirable, complete and luxuriously equipped, self-contained family unit.
*54 Albeit the power to waive appears in the latest regulation, the exercise of such power is wholly within the competence of respondent. The latter found after careful consideration of the entire evidence of record that no facts were presented to justify the waiver of these requirements. In order to prevent a new vogue of cubicle apartments fostered by real estate operators, farsighted regulations were mandated in the form of Amendment No. 89 of section 11 of the State Rent and Eviction Regulations, and upon transfer to the New York City Rent and Rehabilitation Administrative Code, section Y51-3.0 (subds. a, e, par. 2, subpar. [i], cl. [2]) of the Administrative Code of the City of New York was promulgated, and the city’s new section 11 lowered the required square feet area to 395. Petitioner’s initial application for decontrol states that each front apartment in the subject premises had a total of 350 square feet and each rear apartment had a total of 300 square feet.
The petitioner seeks to bolster his position by contending that the subject premises “ is located in an area and on a business street, that would not lend itself to large units containing families with children.” Thus he argues, he answered such need for smaller housing units which entitles him to a waiver of the mandated requirements. With this premise the court cannot agree. Occupants of housing accommodations, in the court’s view, contemplate a family life which hopefully includes the presence of children. Thus to purposely create smaller units to ensure the absence of children, as petitioner claims he has done, would be contrary to the rent regulations and therefore gives reasonableness and justification to the City Administrator’s determination.
I find that in the exercise of her discretion, the respondent’s refusal to accede to the owner’s request to waive the special requirement under the circumstances here described was neither arbitrary, capricious nor unreasonable and upon this record her determination was proper and may not be disturbed (Matter of First Terrace Gardens v. McGoldrick, 1 N Y 2d 1). The application is accordingly denied and the petition dismissed.